UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick L. Howell, # 310890, | ) C/A No. 4:13-2812-JFA-TER |
|       Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Alan Wilson, Attorney General, and Bryan Jeffries, Asst. Solicitor, | ) |
|       Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Frederick L. Howell ("Plaintiff") is currently confined at Lieber Correctional Institution in Ridgeville, South Carolina, serving a sentence on a 2005 burglary conviction entered on a guilty plea in Orangeburg County. In the Complaint submitted in this case, Plaintiff makes many allegations about the amount and type of evidence (or lack thereof) that was used against him in connection with the burglary charge, and about the fairness or propriety of his trial attorney's allowing him to plead guilty based on that evidence. ECF No. 1, Compl. Attach. 1, 1-19. He also asserts that the State's representatives were/are refusing to cooperate in his attempts to obtain DNA testing on certain fingerprint evidence that he claims was first disclosed to him in connection with

his post-conviction relief applications ("PCR"). *Id.* at 20-22.

Plaintiff alleges that he filed an appropriate application for such testing pursuant to South Carolina law in the Orangeburg County General Sessions Court, *see* S.C. Code Ann. §§ 17-28-30(B), but that Defendants, the assistant County Solicitor assigned to his case and the state Attorney General, refuse to cooperate with him and have opposed the DNA testing application. *Id.* According to Plaintiff's Answers to the Court's Special Interrogatories, ECF No. 12, the General Sessions Court has not ruled on his DNA application, and his second PCR case is still pending in the state courts, with the Orangeburg County Court of Common Pleas entry of a conditional order of dismissal. According to the on-line records for the Orangeburg County Court of Common Pleas, Plaintiff currently has two separate PCR cases pending: Case Nos. 2013CP3800183; 2013CP3800747 (filed May 13, 2013 and June 21, 2013 respectively). The records show that the most recent filing in Case No. 2013CP3800183 was Plaintiff's response to the conditional order of dismissal on October 30, 2013. There does not appear to have been a final order of dismissal entered and there is nothing in Complaint or the on-line records to indicate that any appeal has been filed from a final order in the PCR case. *See* S.C. Jud. Dep't, http://publicindex.sccourts.org/Orangeburg/PublicIndex (last consulted December 30, 2013 (3:17pm). Plaintiff asks this court for injunctive and declaratory relief in the form of an order or direction to Defendants to follow the correct state law on the procedures used in PCR cases and to cooperate with Plaintiff's efforts to obtain DNA testing under applicable South Carolina law. ECF No. 1, Compl. 5.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made

of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Although Plaintiff filed this case under 42 U.S.C. §§ 1983, 1985, ECF No. 1, Compl. Attach. 1, at 1, to the extent that Plaintiff requests injunctive and/or declaratory relief from this court that would require the court's direction to Defendants about how to respond to Plaintiff's pending DNA application or how to participate in his PCR case, his request seeks relief in the nature of mandamus. *See Black's Law Dictionary* (9th ed. 2009) (mandamus: "A writ issued by a court to compel

3

performance of a particular act by a lower court or a governmental officer or body, usually to correct a prior action or failure to act."). Circuit precedents teach that a writ of mandamus is a drastic remedy, which is infrequently used by federal courts, and, when used, its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). It is settled law that a federal district court may issue a writ of mandamus only against an employee or official *of the United States,* and that, generally, mandamus may not issue from a federal court to a state official. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001)(same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986)(unpublished opinion)(same). The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988), wherein the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74; *see also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W.Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal because of the lack of federal jurisdiction to compel a state official (a trial judge) to act or refrain from acting. *See Craigo*, 624 F. Supp. at 414; *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990).

Furthermore, to the extent that Plaintiff's requested relief can be construed as seeking this

4

court's direction on how to rule or conduct court proceedings to either the Court of Common Pleas judge presiding over Plaintiff's PCR cases or to the General Sessions judge presiding over Plaintiff's criminal case (or DNA testing case if separate from the criminal case), this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Even though Plaintiff has pleaded guilty, his pending DNA application and his PCR applications are still part of his "pending criminal case" as that terminology is understood under *Younger* and its progeny. *See, e. g.*, *Smith v. Bravo*, No. 99 C 5077, 2000 WL 1051855, *5 (N.D. Ill. 2000) (presuming that *Younger* abstention would apply to civil case that could interfere with post-conviction proceedings); *Lockheart v. Chicago Police Dept.*, No. 95 C 343, 1999 WL 639179, *2 (N.D. Ill. Aug. 17, 1999) (applying *Younger* because post-conviction proceedings were pending).

In *Cinema Blue of Charlotte, Inc*. *v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that

federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*.

As stated previously, Plaintiff acknowledges that the state court has not yet ruled on his DNA testing application, and his PCR case is still pending. As far as this court can determine, Plaintiff is not foreclosed from having the General Sessions court rule on his currently pending DNA testing application, despite what appears to be the State's opposition to the application. Furthermore, the state appellate process remains available to Plaintiff should either the PCR or the DNA application (or both) ultimately be denied. This court cannot remove the authority to rule from the judges who are actually in control on Plaintiff's state criminal and PCR cases or from the state appellate courts that have authority to review trial court decisions based on the allegations presented in Plaintiff's Complaint. Thus, *Younger* abstention is appropriate in this case.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

                                                  s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

December 31, 2013
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).